UNITED STATES DISTRICT COURT FOR THE
District of Oregon



| | |
|---|---|
| **CRAIG CUNNINGHAM,**<br>**Plaintiff,**<br><br>v.<br><br>Big Think Capital, inc., Joe Pellegrino, Dan Israel, Arnold Pinkhasov<br><br>John/Jane Does 1-5<br><br><br><br>**Defendant** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br><br>**4:20cv724-ALM-KPJ** |

**Plaintiff's Original Complaint and Jury Demand**

**Parties**

1. The Plaintiff is Craig Cunningham and natural person and was present in Texas for all calls in this case in Collin County.

2. Big Think capital, Inc., is a New york corporation that can be served via registered agent, the New York Secretary of State or at 30 Broad Street, 14th Floor, New York, New York 10004 or 225 Broadhollow Road, Melville, NY 11747

3. Joe Pellegrino is a natural person and can be served 30 Broad Street, 14th Floor, New York, New York 10004 or 225 Broadhollow Road, Melville, NY 11747

4. Dan Israel is a natural person and can be served at 30 Broad Street, 14th Floor, New York, New York 10004 or 225 Broadhollow Road, Melville, NY 11747

5. Arnold Pinkhasov is a natural person and can be served at 30 Broad Street, 14th Floor,

New York, New York 10004

6. John/Jane Does 1- 5 are other liable parties currently unknown to the Plaintiff.

## JURISDICTION AND VENUE

7. <u>Jurisdiction</u>. This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 305.053 because that claim: arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case; and doesn't seek money damages, so it is unlikely to predominate over the TCPA claims.

8. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to consumers nationwide from this district and the defendant maintains bank accounts and a presence in this district.

9. This Court has specific personal jurisdiction over the defendants because the calls at issue were sent by or on behalf of the Defendant in this complaint.

10. <u>Venue.</u> Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls originated from this district.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227**

11. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding telemarketing.

12. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

13. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

14. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

15. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

16. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

17. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

18. The FCC also recognizes that "wireless customers are charged for incoming calls

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

19. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

20. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

21. The FCC confirmed this principle in 2013, when it explained that "a seller ... may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28

FCC Rcd. 6574, 6574 ¶ 1 (2013).

22. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

23. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

## FACTUAL ALLEGATIONS

24. This case relates to calls placed selling business funding services to the Plaintiff

### Calls/Text Messages to the Plaintiff

25. Mr. Cunningham received at least 83 text messages and images, which are considered calls from 833-369-3529 to two different cell phones owned by the Plaintiff. The calls began on March 13, 2020 and continued through 9/23/2020. One of the phone numbers maintained by the Plaintiff is listed on the national DNC list and has been listed on there prior to March 13, 2020.

26. These texts were initiated using an automated telephone dialing system and contained a pre-written text message to the Plaintiff's cell phone ***-***-7262 and

\*\*\*-\*\*\*-1977.

27. These were willful and knowing violations of the TCPA as the Plaintiff had previously sued Big Think Capital in a class action lawsuit Cunningham v Big Think Capital, Inc., (2:19-cv-00638, E.D. New York) in February 2019 for unsolicited telemarketing calls more than a year prior to the reciept of the first text message in March 2020. Plaintiff had notified Big think Capital during the pendency of the original lawsuit that they had continued to call and text the Plaintiff as well at the same very numbers that the defendants continue to text the Plaintiff on today.

28. On each and every text there was a pre-recorded message and was initiated using an automated telephone dialing system. The texts failed to properly identify themselves as being affiliated with the defendant in this case.

29. These calls were not related to any emergency purpose.

30. The Plaintiff never consented to recieving automated calls or calls with pre-recorded messages from any of the defendants or their agents.

31. Mr. Cunningham has a limited data plan. Incoming text messages chip away at his monthly allotment.

32. Mr. Cunningham has limited data storage capacity on his cellular telephone. Incoming calls from the defendants consumed part of this capacity.

33. No emergency necessitated the calls

34. Each call was sent by an ATDS.

### Knowing and Willful Violations of Telemarketing Regulations

35. The defendant knew that he were engaging in an illegal robocalling campaign and contracted with an illegal telemarketing entity currently unknown to the Plaintiff.

36. The defendant knowingly violated the TCPA by initiating automated calls to the Plaintiff. The defendants took multiple actions to conceal their identity, which is indicative of knowledge that their actions were illegal and the willful nature of the violations.

37. The Defendant did not train its agents engaged in telemarketing on the existence and use of any do-not-call list.

38. Plaintiff had filed a lawsuit and previously complained of receving unwanted telemarketing calls and despite this the defendants decided to text the Plaintiff over 83 times.

39. **INJURY, HARM, DAMAGES, and ACTUAL DAMAGES AS A RESULT OF THE CALLS**

40. Defendant's calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

41. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

42. Defendant's calls harmed the Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

43. Defendant's calls harmed the Plaintiff by intruding upon Plaintiff's seclusion.

44. The Plaintiff has been harmed, injured, and damages by the calls including, but not limited to:

- Reduced Device Storage space
- Reduced data plan usage
- Invasion of privacy

- Lost time tending to text messages
- Decreased cell phone battery life
- More freqent charging of my cell phone resulting in reduced enjoyment and usage of my cell phone
- Reduced battery usage
- Annoyance
- Frustruation
- Anger

### The Plaintiff's cell phone is a residential number

45. The calls were to the Plaintiff's cellular phone \*\*\*-\*\*\*-7262 and \*\*\*-\*\*\*-1977 which is the Plaintiff's personal cell phone that he uses for personal, family, and household use. The Plaintiff maintains no landline phones at his residence and has not done so for at least 10 years and primarily relies on cellular phones to communicate with friends and family. The Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending and receiving text messages. The Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## I. FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

### (Against All Defendants)

1. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Cunningham's cellular telephone number without his prior express written consent.

3. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II. SECOND CLAIM FOR RELIEF

### (Telemarketing Without Mandated Safeguards, 47 C.F.R. § 64.1200(d))

### (Against All Defendants)

6. Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

7. The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations despite lacking:

   a. a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[2]

   b. training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[3] and,

   c. in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[4]

8. Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

9. Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5).

10. Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and the defendant's name in the solicitations (3) by placing calls to a number registered on the national do-not-call list.

---

[2] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[3] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[4] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

## III. THIRD CLAIM FOR RELIEF

### (Violations of the Texas Business and Commerce Code 305.053

### (Against All Defendants)

11.     Mr. Cunningham realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

12.     The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the Texas Business and Commerce code

   a.     a written policy, available upon demand, for maintaining a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(1);[5]

   b.     training for the individuals involved in the telemarketing on the existence of and use of a do-not-call list, in violation of 47 C.F.R. § 64.1200(d)(2);[6] and,

   c.     in the solicitations, the name of the individual caller and the name of the person or entity on whose behalf the call is being made, in violation of 47 C.F.R. § 64.1200(d)(4).[7]

13.     Mr. Cunningham is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B) and 47 USC 227(b)

14.     Mr. Cunningham is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(c)(5) and 47 USC 227(b)

15.     Mr. Cunningham also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making telemarketing solicitations until

---

[5] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[6] *See id.* at 425 (codifying a June 26, 2003 FCC order).
[7] *See id.* at 425 – 26 (codifying a June 26, 2003 FCC order).

and unless they (1) implement a do-not-call list and training thereon and (2) include the name of the individual caller and the defendant's name in the solicitations (3) by placing calls to a number registered on the national do-not-call list.

## IV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff Craig Cunningham prays for judgment against Defendants jointly and severally as follows:

A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B. A declaration that actions complained of herein by Defendants violate the TCPA and Oregon state law;

C. An injunction enjoining Defendants and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D. An award of $4500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the corporation and individuals for 83 calls.

E. An award to Mr. Cunningham of damages, as allowed by law under the TCPA;

F. An award to Mr. Cunningham of interest, costs and attorneys' fees, as allowed by law and equity

G. Such further relief as the Court deems necessary, just, and proper.

*[signature]*
Craig Cunningham
Plaintiff,                               9/23/2020

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075