

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

FILED
DEC 23 2020
Clerk, U.S. District Court
Eastern District of Texas

| | | |
|---|---|---|
| CRAIG CUNNINGHAM, Plaintiff, <br><br> v. <br><br> Big Think Capital, Inc., et al <br><br> Defendant | § § § § § § § § § § | 4:20-cv-000724-ALM-KPJ |

**Plaintiff's Motion for Default Judgment against Dan Israel and Big Think Capital, Inc**

1. The Plaintiff in this case has served the defendants with copies of the summons and complaint, with an answer due from Big Think Capital on 11/9/2020 and an answer due from Dan Israel on 11/20/2020. Returns of service of process are on file dockets 7 and 8.

2. More than 21 days has passed without a response from the defendants.

3. The defendants have been served via process server with the original summons and again with a copy of this default judgment motion via process seerver

4. Plaintiff requests the court award the Plaintiff a default judgment of $249,000 for 83 unsolicited calls to his cell phone for violations of 47 USC 227(b) in the amount of $1500 per text and 47 USC 227(c)(5) and 47 CFR 64.1200(c)(2) in the amount of $1500 per text. Courts in the Eastern District of Texas have determined that treble damages are appropriate when a Defendant continues to call a party after a request to stop and certainly after a lawsuit was filed against them.

5. **Default is procedurally Warranted**

6. In this case, a default judgment is procedurally warranted. The parties have been served properly and evidence of service is on file. There are no material issues of fact in this case as the defendants are in default and thus all allegations in the complaint are presumed to be true.

7. **There is substantial prejudice to the Plaintiff by not awarding a default judgment**

8. There is substantial prejudice to the Plaintiff due to the Defendants' failure to respond as it brings the adversarial process to a haly.

9. **Awarding a default would not be harsh and Grounds for a default judgment have been established**

10. A default judgment would not be a harsh remedy as the defaulting parties have had more than ample time to respond and the grounds are clearly established.

11. **The Default is not caused by a good faith mistake or excusable neglect and the court would not be obligated to set aside the default.**

12. These factors weigh in favor of granting a default as the Defendants have offered no evidence that their failure to respond was the product of a good faith mistake or excuse and the Plaintiff has not contributed to any delay in this case and there isn't any basis for the court to set aside the default.

13. **The Plaintiff is entitled to a default judgment**

14. Plaintiff has sufficiently pled allegations of illegal telemarketing and provided supporting evidence in the form of an affidavit and phone records.

15. Plaintiff's evidence supports the involvement of Dan Israel based on the email address in each text message showing the account it was generated from, which is Dan@bigthinkcapital.com.

16. In Cunningham v Crosby Billing Services, 4:18-cv-00439 later amended to assert claims against Jeff Nahom, the court held that willful and knowing violations were appropriate when a defendant had been previously sued by the Plaintiff as the Plaintiff had previously sued Jeff Nahom in a different court alleging telemarketing violations and calls continued. Similary, in this case, the Plaintiff previously sued Big Think Capital in New York Federal court, 1:20-cv-10623 in the Southern District of New York. The Eastern District court held "certainly the initiation of a lawsuit filed against Defendants for making automated calls to Plaintiff's cell phone in violation of the TCPA, which is pleaded to be the same cell number as the instant case gives Defendants reason to know that their conduct may potentially violate the TCPA."

17. **Plaintiff requests a hearing to determine damages.**

18. Plainitff hereby requests a heaing to determine damages in this case.

19. Plaintiff has included a spreadsheet of the text messages sent to the Plaintiff and supporting affidavit. Ex A and Ex B.

Craig Cunningham
Plaintiff,                    12/22/2020, 615-348-1977

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS

| CRAIG CUNNINGHAM, Plaintiff, v. Big Think Capital, Inc. et al Defendant | § § § § § § § § § § | 4:20-cv-000724-ALM-KPJ |
|---|---|---|

**Plaintiff's Certificate of Service**

I hereby certify a true copy of the foregoing was mailed to the defendants in this case via USPS First class mail and process server

Craig Cunningham
Plaintiff,      12/22/2020

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075

615-348-1977

*[signature: Craig Cunningham]*
Craig Cunningham
Plaintiff,                    12/22/2020, 615-348-1977

Craig Cunningham, Plaintiff, Pro-se 3000 Custer Road, ste 270-206, Plano, Tx 75075